## Case No. 149.
### ALCOTT v. YOUNG.

[16 Blatchf. 134; 4 Ban. & A. 197; 16 O. G. 403; Merw. Pat. Inv. 272; 7 Reporter. 552.][1]

Circuit Court, S. D. New York. March 31, 1879.

PATENTS FOR INVENTIONS — PATENTABILITY—COMBINATION—AGGREGATION.

The letters patent granted to J. Wesley Webber, August 17th, 1869, [No. 93,775,] for an "improved kindling wood," the claim thereof being, "The accompanying or fastening one or more fire-lighters, A, to or with the bundle of the common article of manufacture known as bundle or kindling wood, the fire-lighter to be suitably moulded or pressed, and to be made of a combustible material, such as resin or tar, the ingredients of which I do not claim, my invention consisting wholly of accompanying or fastening a fire-lighter, A, to or with the bundle, or at the string, B, of the bundle of the common article of manufacture known as bundle or kindling wood," are void for want of patentable invention.

[Cited in Faulks v. Kamp, 3 Fed. Rep. 900.]

In equity. [Suit by Charles W. Alcott and Catherine C. Magee against Joseph Young to enjoin infringement of letters patent No. 93,775. Patent declared void.]

Warren G. Brown, for plaintiffs.
Edward Fitch, for defendant.

BLATCHFORD, Circuit Judge. On the 17th of August, 1869, letters patent of the United States were granted to J. Wesley Webber for "a new and useful improved kindling wood." The specification states, that the invention is "a new improvement, consisting of accompanying or fastening one or more fire-lighters to each bundle of the common article of manufacture known as 'bundle or kindling wood,' (see drawing marked 'C,') having for its object, to facilitate the lighting or ignition, by means of the said fire-lighter, of wood, thus saving the consumer the labor of chopping the wood in fine pieces." It further states, that the nature of the "invention or improvement consists in accompanying or fastening one or more fire-lighters, A, in a suitable manner, or to the string of the bundle of the common article of manufacture known as bundle or kindling wood, marked 'C,' in the accompanying drawing." The claim is in these words: "The accompanying or fastening one or more fire-lighters, A, to or with the bundle of the common article of manufacture known as bundle or kindling wood, the fire-lighter to be suitably moulded or pressed, and to be made of a combusti-

ble material, such as resin or tar, the ingredients of which I do not claim, my invention consisting wholly of accompanying or fastening a fire-lighter, A, to or with the bundle, or at the string, B, of the bundle of the common article of manufacture known as bundle or kindling wood." The drawing represents a cylindrical bundle of kindling wood, consisting of some 50 pieces of substantially uniform length, confined by a string tied around the circumference, and with a fire-lighter fastened to the string. The plaintiffs, as owners of the patent, have filed a bill in equity against the defendant, founded on an alleged infringement of the patent, for an injunction and an account. The defendant has answered the bill. The answer avers, that the defendant is making and selling bundle kindling wood, and that he puts into each bundle so made and sold by him, a kindler made under letters patent of the United States granted to Frederick D. Cordes and Andre Geiger, October 31st, 1876, for an "improvement in fire kindlers." It also alleges, that the invention patented was not in fact patentable, or the subject-matter of invention. The Cordes and Geiger patent is for an invention made by Cordes, which consists in making the fire kindler "of a bundle of parallel pieces of straw, or other tubular palms, which are filled and covered with melted resin, pitch, or other easily combustible material." The defendant inserts his kindler in the bundle, either next the string or in the body. The plaintiffs now apply to the court for a preliminary injunction, to restrain the defendant from infringing the Webber patent, by further making and selling what he has so made and sold.

In April, 1875, James Carrick & Co., being the owners of the said Webber patent for the city and county of Baltimore, in the state of Maryland, brought a suit in equity in the circuit court of the United States for the district of Maryland, against James A. Hooper, Jr., alleging that said Hooper had infringed said patent by making and selling bundles of kindling wood with fire-lighters, arranged in the manner claimed in said patent, and praying relief. In May, 1875, the defendant answered the bill, setting up, as the only defence, non-infringement. An amended answer was filed in November, 1876, denying the novelty of the invention, and giving the names of prior users of it, and averring its public use and sale in this country for more than two years prior to Webber's application for a patent for it, and denying infringement. Neither answer set up that the invention was not patentable, or the subject-matter of invention. The court, on January 7th, 1878, entered a decree for the plaintiffs, for an account of profits and damages, and made a reference to a master to take such account. [Carrick v. Hooper, Case No. 2,441a.] The decree declared the patent to be good and valid,

[1][Reported by Hon. Samuel Blatchford, Circuit Judge, reprinted in 4 Ban. & A. 197, and here republished by permission. Merw. Pat. Inv. and 7 Reporter contain partial report only.]

and awarded a perpetual injunction. The master, by his report, made March 25th, 1878, after hearing evidence, and being attended by both parties, reported, that the defendant had made no profit from his business of selling bundle kindling wood, but had incurred a loss in conducting the same; that he had carried on the business of selling bundle kindling wood in Baltimore city, and had made three kinds, namely, (1) plain, (2) dipped, and (3) with a fire-lighter inserted in the bundle; that the plain was not claimed to be an infringement; that he had made 100,000 bundles of No. 2, and 50,000 of No. 3; that it appeared that the royalty paid in New York by those doing business under the Webber patent, was 5 cents per 100 bundles; that that was a proper sum to allow for a royalty in Baltimore; that, if the court should find No. 2 to be an infringement, the plaintiffs would be entitled to recover $50 therefor; and that if the court should find No. 3 to be an infringement the plaintiffs would be entitled to recover $25 therefor. On the 18th of May, 1878, the court made an order that the report assessing the damages at $75 be confirmed, with costs.

It is shown, on the part of the plaintiffs in this case, that Alcott, one of the plaintiffs in this case, has been receiving royalty for the use of the invention for more than 4 years; and that Alcott's firm made and sold, in 1875, an average of more than 20,000 bundles a week, of bundle kindling wood made under the Webber patent. The advantages of it are set forth to be, that it can be kindled without shavings or paper; that it saves the necessity of splitting any of the wood fine; that it is convenient and economical, as it furnishes the appropriate amount of kindler to each separate bundle; that it is always ready and only requires a match to kindle it; that, since its introduction, it has been very difficult to sell the ordinary bundle kindling wood to those who have used the kindling wood with the fire-lighter in the bundle; and that, when the wood is sold without the fire-lighter, it can only be sold at a considerably less price than the bundles made under the Webber patent.

The specification of the Webber patent states, that the invention consists merely in fastening the fire-lighter to the bundle of kindling wood, or accompanying the bundle of kindling wood with the fire-lighter. It refers to the bundle of kindling wood as a common article of manufacture. Nothing is claimed as new in regard to the construction, or composition, or shape, or manufacture of the fire-lighter. Any old fire-lighter may be used as the fire-lighter of the patent. The ingredients of the fire-lighter are disclaimed. All that is necessary, in respect to the fire-lighter, is, that it should be suitably moulded or pressed, and be combustible and capable of setting fire to the wood.

I do not think that the subject-matter of the claim is a patentable invention. On the part of the plaintiffs, it is sought to distinguish this case from cases in which inventions have been held not to be patentable, by the contention, that, in this case, the uniting of the fire-lighter with the bundle of kindling wood contributes towards the common result of lighting a fire, and that expense is saved and convenience is promoted. It may be true, that, as a matter of trade, a bundle of kindling wood with a fire-lighter inserted in it, or attached to it, will sell more readily than a bundle of kindling wood alone, or than a bundle of kindling wood separately and a fire-lighter separately; and that a bundle of kindling wood with a fire-lighter inserted in it, or attached to it, will bring a higher price than a simple bundle of kindling wood. It may also be true, that the Webber bundle has the advantages in use that are claimed for it. But, there is no patentable invention in accompanying the bundle with the kindler, by attachment or insertion. It might as well be claimed, that it was a patentable invention to tie a match to a cigar, or a straw for drinking to a drinking glass, or a fork to a can of food. The case is not unlike that of Langdon v. De Groot, [Case No. 8,059,] where the claim of the patent consisted in folding thread and cotton into skeins or hanks of a convenient quantity for retailing, with a sealed wrapper around the same, and a label containing the number and description of the article. The invention was held not to be patentable. In the present case, the purchaser of the Webber bundle gets a bundle of kindling wood and a fire-lighter. He gets no more than if he purchased the two separately. If he purchases a given number of plain bundles of kindling wood and an equal number of fire-lighters, and has them in his house to be used, one fire-lighter with one bundle of kindling wood, he would infringe this patent, if he should tie the former to the latter or insert the former in the latter. No such result can be admitted. The mere aggregation of the two things is not a patentable combination. Until the kindler is lighted there is no joint result consequent on the aggregation of the two. The lighting or combustion of the Webber kindler presents nothing new, in contrast with the lighting or combustion of a kindler which was never tied to or inserted in the bundle.

It does not appear that the question was distinctly considered in the case in Maryland. There are numerous cases in the courts of the United States which show that there is not a sufficiency of invention in this case to support the patent. Knight v. Baltimore & O. R. Co., [Case No. 7,882;] Bean v. Smallwood, [Id. 1,173;] Winans v. Boston & P. R. Co., [Id. 17,858;] Hotchkiss v. Greenwood, 11 How. [52 U. S.] 248; Phillips v. Page, 24 How. [65 U. S.] 164;

Jones v. Morehead, 1 Wall. [68 U. S.] 155; Stimpson v. Woodman, 10 Wall. [77 U. S.] 117; Hicks v. Kelsey, 18 Wall. [85 U. S.] 670; Hailes v. Van Wormer. 20 Wall. [87 U. S.] 353; Rubber Tip Pencil Co. v. Howard, Id. 498; Smith v. Nichols, 21 Wall. [88 U. S.] 112; Milligan & Higgins Glue Co. v. Upton, [Case No. 9,607;] Brown v. Piper, 91 U. S. 38; Reckendorfer v. Faber, 92 U. S. 347; Needham v. Washburn, [Case No. 10,082;] Dunbar v. Meyers, 94 U. S. 187; Mahn v. Harwood, [Case No. 8,966.] The English cases are to the same effect. Brunton v. Hawkes, 4 Barn. & Ald. 541; Saunders v. Aston, 3 Barn. & Adol. 881; Losh v. Hague, Webst. Pat. Cas. 202; Kay v. Marshall, 8 Clark & F. 245; Bush v. Fox, 5 H. L. Cas. 707; Tetley v. Easton, 2 C. B. (N. S.) 706; Brook v. Astor, 8 El. & Bl. 478; [Patent Bottle] Envelope Co. v. Seymer, 5 C. B. (N. S.) 164; Ralston v. Smith, 9 C. B. (N. S.) 117, 11 C. B. (N. S.) 471, 11 H. L. Cas. 223; Horton v. Mabon, 12 C. B. (N. S.) 437; Ormson v. Clarke, 13 C. B. (N. S.) 337, 14 C. B. (N. S.) 475; Harwood v. Railway Co., 11 H. L. Cas. 654; Jordan v. Moore, L. R. 1 C. P. 624; Penn v. Bibby, L. R. 2 Ch. App. 127; Fox v. Dellestable, 15 Wkly. Rep. 194; White v. Toms, 17 Law T. (N. S.) 348; Parkes v. Stevens, L. R. 8 Eq. 358, L. R. 5 Ch. App. 36; Rushton v. Crawley, L. R. 10 Eq. 522. The motion for an injunction is denied.