# IN RE DAVENPORT.*

PATENTS; PATENTABILITY.

The combination of an advertising-catalogue and desk-pad or blotter, in
which the desk-pad is made to serve as one of the covers for the
catalogue, the two being bound together, is a mere aggregation of
existing elements without any new results in the combination or
any improvement in old results, and is not patentable.

No. 240.   Patent Appeals.   Submitted March 8, 1904.   Decided April 5, 1904.

HEARING on an appeal from a decision of the Commissioner
of Patents rejecting an application for a patent.    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. J. N. McIntire, Mr. W. W. Dodge,* and *Mr. William
F. Hall* for the appellant.

*Mr. John M. Coit* for the Commissioner of Patents.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of
Patents refusing to grant letters patent of the United States for
an alleged invention consisting of a combined desk-pad and
business-catalogue, stated formally in this claim:

"As a new article of manufacture, a combined advertising-
catalogue and desk-pad, the two bound together in book form,
substantially as and for the purposes set forth."

As stated by the applicant, Harmon F. Davenport, in a final
amendment to his specifications, which however came too late

---

*Patents.—As to patentability of invention, see editorial notes to *Grant*
v. *Walter,* 37 L. ed. U. S. 553; *Wollensak* v. *Sargent,* 38 L. ed. U. S. 138,
and *Dashiell* v. *Grosvenor,* 40 L. ed. U. S. 1025.

to be admitted, but which does not substantially differ from the claim as above formulated, the alleged invention consisted in the combination of an advertising-catalogue and a desk-pad or blotter, in which the desk-pad is made to serve as one of the covers for the catalogue, the two being bound together.

The tribunals of the Patent Office found no patentable invention in the device; and the Commissioner of Patents, affirming their decisions, held that the device was a mere aggregation of existing elements, without any new result in the combination, or any improvement in old results. Notwithstanding an elaborate brief and strenuous argument on behalf of the appellant, which seeks to deal not only with the issue before us, but likewise with questions of practice in the Patent Office which are not before us on this appeal, and which do not appear to us in any event to have solid foundation, we find no reason whatever to dissent from the conclusion reached by the Commissioner. It is unnecessary for us to render any formal or lengthy opinion in the case; for we fully concur in that rendered by the Commissioner. Upon the authorities cited (*Reckendorfer* v. *Faber,* 92 U. S. 347, 23 L. ed. 719; *Hailes* v. *Van Wormer,* 20 Wall. 353, 22 L. ed. 241; *Richards* v. *Chase Elevator Co.* 159 U. S. 477, 40 L. ed. 225, 16 Sup. Ct. Rep. 53, and *Alcott* v. *Young,* 16 Blatchf. 134, Fed. Cas. No. 149) it is difficult to see how any different conclusion could have been reached. If this aggregation is patentable, then the addition of any new element, such, for example, as making a calendar serve the purpose of the second cover of the catalogue, would be equally patentable, and patentable inventions *ad infinitum* could be produced by merely adding some new thing which it is desired to keep in a convenient place for reference. Not even the ingenuity of a skilled mechanic seems to us to be required to devise an aggregation or combination of this kind, much less an exercise of the inventive faculty of the inventor.

We think that the decision of the Commissioner was right and just, and that it should be affirmed.

The clerk of the court will certify this opinion and the proceedings in this court in the cause, to the Commissioner of Patents, according to law.                        *Affirmed.*