PERRY and another, Trustees, etc., v. Co-OPERATIVE FOUNDRY Co.
and others.

(*Circuit Court, N. D. New York.* May 8, 1882.)

1. PATENTS FOR INVENTIONS—COMBINATION.
    In a reissued patent for an "improvement in coal stoves," adjoining flues at
    the rear, with walls built on the casing of the same, in combination with illu-
    minating doors or windows in the draft chamber, base section, is not a patenta-
    ble combination.

2. SAME—GRATE OR FIRE-BED.
    A grate or fire-bed, made in sections and placed below the base of the com-
    bustion chamber, as a substitute for an old grate made in one part, and a com-
    bination of transparent windows in an ash-pit, is not an invention.

3. SAME—SUBSTITUTION.
    The substitution, in a combination for a fire chamber with its clinker-dis-
    charge end non-grated, of a fire chamber with a grated clinker-discharge end,
    makes the claim invalid.

4. SAME—ENLARGING SPACE.
    There is no patentable invention in the idea of contracting the lower end
    of the fire-pot, for the purpose of lessening the area of the grate, to enlarge the
    outside space.

5. SAME—COMBINING OLD FEATURES.
    The aggregation, of prior reversible flues with features which before existed
    in unison in the same stove, operating together in the same way, in a stove
    without reversible flues, is not a patentable combination.

BLATCHFORD, C. J.   This suit is brought on four patents:   (1) Re-
issued letters patent, No. 6,709, granted to Perry & Co., October 19,
1875, for an "improvement in coal stoves," the original patent, No.
50,073, having been granted to Zebulon Hunt, as inventor, Septem-
ber 19, 1865; (2) reissued letters patent, No. 5,894, granted to John
S. Perry, June 2, 1874, for an "improvement in stoves," the original
patent, No. 67,283, having been granted to Charles H. Frost, as in-
ventor, July 30, 1867; (3) reissued letters patent, No. 6,206, Divis-
ion A, for an "improvement in base-burning stoves," granted to
James Spear, January 5, 1875, the original patent, No. 100,335, hav-
ing been granted to said Spear, as inventor, March 1, 1870, and re-
issued to him in two divisions, Nos. 5,459 and 5,460, June 17, 1873,
and again reissued in two divisions, January 5, 1875, No. 6,206,
Division A, and No. 6,207, Division B; (4) letters patent, No. 183,-
545, for an "improvement in heating stoves," granted to Andrew
Dickey and John S. Perry, as inventors, October 24, 1876.

1. As to the Hunt patent, the only claim alleged to have been
infringed by the defendants is claim 3.   That claim is this:   "The

adjoining flues, D and D¹ situated at the rear of the stove, and having walls built on the casing of the same, in combination with the illuminating doors or windows in the draft chamber, base section." It is clear that this is not a patentable combination. The flues operate in the same manner, whether there are illuminating windows in the place designated or not; and the operation of such windows is the same whether the flues are arranged as described or not. The case is within the principle decided in *Hailes* v. *Van Wormer*, 20 Wall. 353, 368; *Reckendorfer* v. *Faber*, 92 U. S. 347, 357; and *Pickering* v. *McCullough*, Supreme Court, U. S. No. 155, October term, 1881.

2. As to the Frost patent, the original patent contained only one claim, as follows:

"So arranging the cylinder, *a*, and the direct and indirect draft openings and passages, that the said cylinder becomes an ascending channel for the escape of the products of combustion when the draft is direct, and a descending channel for the supply of air to the fire when the draft is indirect, substantially as set forth."

The reissue has 15 claims. A disclaimer of claims 2, 3, and 9 of the reissue has been filed. Infringement is alleged of claims 4 and 11, which are as follows:

"(4) A grate or fire-bed with its central and outer sections made separately and placed in a plane below the base of the fire-pot or combustion chamber proper, within the draft chamber, base section, and isolated from the walls of the same, substantially as shown and described." "(11) The combination of mica or other transparent windows in the walls of the draft chamber, base section, a grate or fire-bed placed in a plane below the base of the fire-pot or combustion chamber proper, the free open space funnel between the same, and the said grate or fire-bed, isolated from the walls of the said draft chamber, base section, substantially as shown and described."

It is shown that prior to Frost's invention fire-grates, with their central and outer sections made separately, existed; and grates made in one part existed; and grates not touching the walls of the chamber in which they were placed, existed; and grates arranged with relation to the fire-pot so as to leave an anti-clinker opening above the grate and below the base of the fire-pot existed; and grates of larger area than that of the base of the fire-pot existed; and illuminating windows in various parts of the walls of the stove existed. Claim 2, so disclaimed, covered the same combination as claim 4, omitting the feature of the separation of the central and outer sections of the grate. There was no invention in substituting in the given combination an old grate made in two parts for another old grate made in one part, preserving the same relation of the grate to the fire-pot and

to the ash-pit walls, when no distinctive effect in the combination resulted from the substitution. That is this case as to claim 4. As to claim 11, it is for the combination of transparent windows in the walls of the ash-pit with the disclaimed arrangement in claim 2. A window in an ash-pit cannot modify or affect the action or operation of the grate or of the anti-clinker space, or the isolation of the grate, nor is the operation or use of the windows affected or modified by the existence or non-existence of any of those features. There was no invention in claim 11.

3. As to the Spear patent, the claims alleged to have been infringed are claims 4, 6, 7, 8, and 12, which are as follows:

"(4) The combination of a fire chamber, having its clinker-discharge end, E, grated or illuminating, and projecting downward within the air chamber, S, a grate surface or fire-bed projecting beyond the inside diameter of the slate and clinker-discharge end of the fire chamber, and the clinker-cleaning opening, R, substantially as herein described." "(6) The combination of the vertical clinker-cleaning opening, R, and mica lights, $d^2$, in doors opposite the opening, substantially as herein described." "(7) The combination of the vertical clinker-cleaning opening, R, mica lights, $d^2$, and clinker-cleaning doors, C, opposite the opening, substantially as herein described." "(8) The combination of a fire chamber, the clinker-cleaning opening, R, between the fire chamber and grate surface, clinker-cleaning doors, C, opposite the said opening, and mica lights, $d^1$, opposite the illuminating section, E, of the fire chamber, substantially as described." "(12) The combination of a fire chamber, having its slate and clinker-discharge end contracted and projecting downward, a grate-ring, K, and a clinker-cleaning opening, R, above the ring, substantially as herein described."

There existed in prior structures a fire chamber having its clinker-discharge end grated or illuminating, and projecting downward into an air chamber; a grate surface or fire-bed projecting beyond the inside diameter of the clinker-discharge end of the fire chamber; and a clinker-cleaning opening between the grate surface and the fire chamber above it. There also existed before, in combination, a fire chamber with its non-grated clinker-discharge end projecting downward into an air chamber, a grate surface or fire-bed projecting beyond the inside diameter of the clinker-discharge end of the fire chamber, and a clinker-cleaning opening between the grate surface and the fire chamber above it. It was no invention to substitute in such combination, for a fire chamber with its clinker-discharge end non-grated, a fire chamber with a grated clinker-discharge end. The substitution worked no change in the operation of the laterally-projecting grate-surface end of the clinker-cleaning opening in unison

with a fire chamber having its clinker-discharge end projecting downward into the air chamber.   This makes claim 4 invalid.

As to claims 6, 7, and 8 there is no patentable combination between the mica lights and the other elements in those several claims.

Claim 12 remains to be considered.   The clinker-cleaning opening is made by having a grate-ring and a space above it between it and the lower end of the fire-pot.   The main idea embodied in the claim is the inward contraction of the lower end of the fire-pot.   The specification says that the inventor, instead of making the lower section of the fire chamber cylindrical, makes its clinker-discharge end smaller in diameter than the fire-pot above, so that he can use a broad laterally-projecting grate surface without enlarging the air chamber below into which such clinker-discharge end projects downwardly, to the extent that would be necessary were the fire-pot of the same diameter throughout.   The proofs show several prior instances of fire-pots with their clinker-discharge ends contracted and projecting downwardly, and provided with fire-beds or grates of less area than would have been necessary if the area of the base of the fire-pot had been equal to its area above; and of grates larger in area than the fire chamber above, with a clinker-cleaning opening between the grate and such fire chamber.   Contracting the fire-pot necessarily allows the grate to be contracted, and makes more space than there otherwise would be between the outer circumference of the grate and the wall of the chamber.   There is no relation or co-action between the contracted lower end of Spear's fire-pot and the laterally-projecting grate and the space outside of the grate which did not exist between the lower ends of the uncontracted fire-pots and the projecting grates and the outside spaces in prior structures.   In view of all this there was no patentable invention in the idea that contracting the lower end of the fire-pot, with the consequent lessening of the area of the grate, would enlarge the outside space.

4. As to the Dickey and Perry patent, the only claim alleged to have been infringed is claim 2, which is as follows:

"The combination of ascending and descending flues placed in the rear of a stove, a free open space between the top of the grate and the lower end of the fire-pot sufficiently large to permit the removal of clinkers and other obstructions, illuminating windows opposite said space, and a grate or fire-bed having an open space between it and the walls of the stove, to admit of clinkers and other obstructions being dropped between the grate and said walls of the stove into the ash-pit, substantially as described."

This claim is merely for an aggregation of prior reversible flues with the other three features before existing in unison in the same stove, namely, an anti-clinker opening, mica windows, and an isolated grate, and does not contain any patentable invention. The last-named three features operate together in the same way in a stove without reversible flues and in a stove with them, and no combined patentable result is due to the union.

The bill is dismissed, with costs.