Mr. Justice STRONG
 

 delivered the opinion of the court.
 

 The sort of stoves known as “ base-burners,” or self-feeding stoves, had been made and they were well known years before either of the complainants’ patents were granted, and it is not asserted that merely as base-burning stdves they arc within the monopoly of the patents.- The inventions claimed are alleged improvements in the structure and arrangement of such stoves. They consist in what is described as a new combination-of* old. and known devices producing a new mannfacture;'name'ly, a,stove uniting iu itself alhthe advantages of a, reservoir stove, and those of a i;evertible-draft
 
 *368
 
 stove which prevents the products of the combustion in the firé-pot from passing up, around, and over the reservoir, thereby heating the fuel therein so as to expel its gases, and cause their explosion as well as their escape into the apartments where the stove may be placed. All the-devices of which the alleged combination is made are confessedly old. No claim is made for any one of them singly, as an independent invention.
 

 It must be conceded that a new combination, if it produces new and useful results, is patentable, though all the constituents of the combination were well known and in common use before the combination was made. But the results must be a product of the combination, and not a mere aggregate of several results each the complete product of one of the combined elements. Combined results are not necessarily a novel result, nor are they an old result obtained in a new and improved manner. Merely bringing old devices into juxtaposition, and there allowing each to work out its own effect without the production of something novel, is not invention. No one by bringing together several old devices without producing a new and useful'result the joint product of the elements of the combination and something more than an aggregate of old results, can-acquire a right to prevent . others from using the sanie devices, either singly or in other coriibiuations, or, even if a new and useful result is obtained, Can prevent others from using some of the devices, omitting others, in combination.
 

 If now we exaunine the patents held.by the complainants, looking first at the objects sought to be obtained by the .combinations for which the patents were granted, they aré, as described in the specification, first, to prevent the passage of the products of combustion up, around, and over the top of the coal-supply reservoir, so as to heat a surrounding jacket . thereof; and, secondly, to heat a circulating or asoending body of air by means of radiated heat from the fire-pot, and at the same time to heat the base of the stove by means of direct heat circulating through descending flues which lead into the ash-pit, or around it, and to the srho'ke
 
 *369
 
 and draft flue. A third avowed object is to secure economy by retarding the fall of the coal into the fire-pot from the-supply reservoir, and by causing the flame to circulate outside of the contracted discharge of the reservoir, and around the upper edge of the.fire-pot, and thence to descend around or under the base of the stove.in its passage to the sinoke and draft flue. ' Such are the avowed objects of the combinations claimed to have been devised by the patentees, áiid' their effects they assert to be husbanding the i’adiated heat, and using it for the purpose of warming the upper-part of the stove and the room in which it is situated, as well as for heating air for warming rooms' above, if desirable, ahd at the same time so confining the direct fire heat, and keeping it in contact with the base portion of the'stove as to insure warming it to a comfortable degree. A second effect claimed is relief of the incandescent coal from the weight of the body of superincumbent coal,'thus preventing the compression of the burning coal in the fire-pot, and securing for the flame -free expansion, thus enabling it to act-with greater heatiug effect upon the-lower portion of the stove in its passage to. the smoke and draft flue.
 

 The combination, employed to produce these effects consists of the following devices, among others:
 

 1st. A flaring fire-pot supported by a base,'the-diameter of the pot being larger at-the top than át the bottom.
 

 2d. A magazine or reservoir' for supplying coal, located over the fire-pot-, and having its lower end.contracted.
 

 3d. Eevertible passages or flues outside of the pot for’the conduct of the products of combustion downwards to the base of the stove and thence to a main draft flue leading thereout.
 

 ffth. A direct draft for such stoves as are constructed with ■ revertible flues, the direct draft being obtained -by a fl'iie passing oiit above the' fire-pot and provided with a damper to be closed' after the fuel has been ignited.
 

 5th. Openings in the case or exterior of the stove and the insertion of mica therein for-the purpose of illuminating the.'
 
 *370
 
 room in which the stove may be with the,light of the burning fuel.
 

 These devices
 
 with others
 
 are brought together and claimed as a new combination, and several combinations of some of. them- áre also claimed as inventions, producing novel and ■useful results. What those other devices are we need not specify, for it is not shown that, they are employed by the defendants.
 

 The stove of the defendants does,.however, contain all those mentioned and contain them in combination. That each of them was an old device, well known, and in public use before the patents of the-complainants were granted is abundantly proved by the evidence submitted. A flaring fire-pot, a supply reservoir with its lower extremity of smaller diameter than its upper, revertible flues, a place for flame expansion above the fire-pot., the addition of a direct draft for-use iu igniting tie fuel, provided'with a damper, and the'insertion of mica for illumination openings, were all found in stoves before Hailes and Treadwell claimed to have made their invention. It is true there is a peculiarity in the'construction of the-lower extremity of the complainants’ supply resefvoir. it is provided with a circular flange, extending outward and bending downward, so as to fit upon the upper rim of the fire-pot, and thus form a closed combustion-chamber. This, of course, cuts off communication with the space around the upper part of the reservoir, and confines the flame and other products of combustion within a circular combustion-chamber thus formed, leaving no outlet for them except through ear passages into revértible flues. For this device, the peculiar structure of the reservoir, and the formation of the closed expansion chamber, there is no equivalent in the' ■ defendants’stove. There is no such closed-chamber. The l’eservoir does not rest on the fire-pot. It has no connection, with it, or with the sides of the stove. Nor is there any ob-stable interposed to the passage of the products of combustion' up and around the reservoir when the flue for direct ■ draft is open. Aud when that flue is closed, the flame is not detaiued over the burning coal, but the products of
 
 *371
 
 combustion pass directly across the edge of the fire-pot and descend along the sides thereof to the inferior draft-passagei Such an arrangement is not- fitted to' produce the effects sought and-claimed for the. complainants’ stoves. On the contrary, it plainly excludes them.
 

 There are other differences:in the devices used both in the complainants’ and the defendants’ stoves, which we think are substantial, .and riot merely formal. The combination claimed by the complainants passes the products of pombustion out of the chamber through perforations in the flange or through, ears into, flues leading downwards but wholly exteyior to the fire-pot, and not- in contact with it. This arrangement makes it possible to introduce- external air through perforations in the outer casing of the stove, aud. allow it when heated by contact with' the- fire-pot and .the descending flues to escape from the top. Accordingly,the outer casing is perforated, and there is rio.closed magazine, around the fire-pot. But in the .defendants! stove there iff no such device and -no such effects are produced. There are no-external downward flues separated from the fire-pot. , The whole space around the magazine and the fire-pot is completely inclosed. There is but a single chamber arouud the •reservoir, .over the surface of the burning coal, and around the firerpot. Through'this chamber the products of combustion- pass, either through the direct draft-flue,^when that is' in use, or to tbe base of the- stove and thence outwards. This arrangement also excludes the possibility of an effect claimed for the Hailes and Treadwell invention. If admits of no space around the fire-pot to which the external air can have access.
 

 It is not, then, the combination of old devices which!the defendants use that Hailes and Treadwell invented. It. is not those old devices that produce the new results claimed. The complainants’ combination is a different thing. - It has a‘greater number of constituent elements; It consists in the-employment of-the devices used by the defendants, together with others they do not use, and the result of the entire combination-is the production Of a stove differing very ma
 
 *372
 
 terially from that of the defendants. And the defendants’, combination cannot produce the results claimed for that of the complainants. We have said that the new results claimed, whatever they-may be, are not the,production of the com-' biped devices common to both stoves. The devices used by ' the defendants produce no new effects, because used in combination. The space.around the fire-pot leading t.o the base., doubtless secures the beneficial results long known to .follow the use of rever.tible flues. It-may be conceded to.be an equivalent for such flues. But the results of. its construction '. are not chánged by the. f'act that a flaring,fire-pot, and a supply reservoir with a contracted discharge end, and openings . for illumination are used in the same stove. It still operates to conduct the products of combustion to the baseband into the exit flue. No new operation is given to it by the corm bination. The same may be said of every other -device pmployed by the defendants which is also in the complainants’ combination., Each produces its appropriate effect un- • changed by.the others. That effect has no. relation to the combination; in no sense caq it be called its product. Thus far nothing novel is produced. This, then, is mere aggregation of devices, -not invention, and consequently the use of those devices, either 'singly or together, cannot be held to be any infringement' of rights belonging- to the' complainants.
 

 We~.pass now to consider more in detail the claims in the complainants’ patents which it is alleged the defendants have infringed. The.first in the reissued patent, dáted February. 3d, 1863, is unquestionably too broad to be sustained, unless limited to the means described in the specification.' So it- was doubtless'intended by .the patentees to be limited, for the claim speaks of the combination claimed “ as substantially described,” that is, described in tile specification. Thus limited, one of its essential elements is a' closed combustion-chamber over the fire-pot, formed by a flange of the ' reservoir resting on the upper edge of t-he pot, and provided .with perforations or ears connecting-with two flues passing .downwards. This elemeht is indispensable for the purposes
 
 *373
 
 asserted in the claim, as well as in the specification. Apq the peculiar structure of the chamber is more than formal. It is functional.. It prevents the passage of the flame, and other products of combustion up, around, and. over the. supply reservoir, which is a leading avowed object of the invention, ' precisely the improvement patented. .'But this con-, stituent of the combination the defendants have neyeruséd,. nor have they used any corresponding device, or device producing the same results.
 

 The second claim is for contracting the discharge end of . the coal-supply reservoir, expanding the fire-pot,.and extending the flame passage downward for united operation in -a base-burning coal-supply reservoir stove or furnace, essentially as set forth. The means set'forth for extending the flame passage downwards are perforations through the flange' forming the lateral boundary of the closed combustion-chamber, or ears leading thereout-and. close flues, extending, from the eárs or perforations downward at soma distance from the fire-pot through, a space bounded on one side by the fire-pot and on' the other by an outer casing of the stove perforated for'the admission, of external air. It might, perhaps, be questioned whether there is any device in the defendants’ stove corresponding to this, but waiving the consideration of that question, it is. very evident that-the. combination, of the three devices named is not. the work of invention. They have no relation to each other. Neither-the'form, of the feeder, nor the shape of the fire-pot bears at .all upon the direction of the. .draft passages. • There is no novel result flowing from the joint operation of the three devices. The revertible flues have no more to .do with a stove'supplied' by a feeder than they would have with a stove'supplied by hand. There is, therefore, nothing.in this claim-that interferes with what the defendants have done.
 

 An essential element of the combinations mentioned in both -the'thir.d and fourth claims is the closed combu.stiour chamber formed, in part by a circular, flange extending outward and closing on the top of the fire-pot, with perforations in it, or ears for connection with the downward flues, or it is
 
 *374
 
 those perforations or ears leading out of such á chamber to the descending passages^ These devices the defendants do not employ, and they cannot' be used in the defendants’ stóve. There has been, therefore, no infringement of these claims.
 

 The fifth claim i.s-the only remaining one contained in.the reissue which the defendants are. alleged to' have invaded. It is constructing the fire-pot of a base-burning stove, with an imperforated circumference and in the forta of a trumpet mouth at.its upper extremity, in combination with.déseeuding flame passages, substantially ás described, and for the purposes set forth. How .in combination? As described in the specification, united by means-of 'perforated flanges' or ears of the pot, involving, of course, the presence of a closed combustion-chamber constructed substantially as already described. • Construing the claim thus, as we think' it must be construed, the defendants have been guilty of no infringe-, ment.
 

 Passing now to the second .patent, issued August 11th, 1863, we observe that its first claim was for a combination of the illumination openings, flame-expansion chamber, eoalsupply reservoir, fire-pot, descending-flue and draft-flue, substantially in the manner and for the purpose described. In-the main this is the same combi nation-as that claimed in the reissued patent we have had under consideration. The only chtinge is the addition of illumination openings. These were-' a well-known device applied to stoves long before either of the patents were granted. They perform no peculiar, office in the new combination..- They have no possible.relation to it. They do not affect, in the slightest degree, the results, of that combination, whatever they may be. It is impossible to’regal’d the mere addition of such openings to a stove containing the improvements described in the reissued patent, as, the formation, of a new patentable combination. It is not, invention. If, however, it were, ,the defendants have not trespassed upon it, for of the combination the peculiarly formed close expansion chamber is an essential constituent, and that is not found in the defendants’ stove.
 

 
 *375
 
 Similar remarks, might be made respecting the-second claim of the , patent of August., the only remaining one' alleged to havé been infringed. All the'elements: of the1 combination.have not been used by the defendants.
 

 Decree affirmed.
 

 This case was argued before the CHIEF JUSTICE took... his seat, and he- did not participate'in the judgment. '