## W. & E. T. FITCH v. A. N. BRAGG & Co.

*(Circuit Court, D. Connecticut.   August 6, 1881.)*

1. PATENT No. 47,764—SNAP-HOOKS—VALIDITY—INFRINGEMENT.
     Letters patent No. 47,764, granted May 16, 1865, to C. B. Bristol, for an improved snap-hook, *held, valid,* and *infringed* as to its *first* claim

2. SAME—SAME—INFRINGEMENT.
     Complainant's snap-hook, in which the tongue is pivoted in a recess between two cheeks in the shank, with a coiled spring in the recess arranged around the pivot so that the two ends of the spring bear, one upon the tongue and the other upon the body of the hook, tending to press the tongue up against the end of the hook, but yet permitting the tongue to be depressed to open the hook, *held, infringed* by defendant's device having a similarly constructed shank, and tongue similarly pivoted, with a substantially similar recess in its rear end, but in which the ends of the spring within the recess do not project forward towards the hook.

3. PATENT—LIBERAL CONSTRUCTION—TECHNICAL CLAIMS—CONSTRUCTION.
     Patents are to be liberally construed so as to give the owner of the patent his actual invention, if such favorable construction can fairly be made.   Technical claims are to be construed with reference to the state of the art, so as to limit the patentee to, and give him the full benefit of, the invention he has made.
     *Estabrook* v. *Dunbar*, 10 O. G. 909.

4. SAME—COMBINATION—BENEFICIAL RESULT.
     It is immaterial, in a patent for a combination, whether by means of the location of the parts they are severally benefited or not, provided a new and beneficial effect is the result of the combination.
     *Hailes* v. *Van Wormer*, 20 Wall. 353.

*Joseph S. Beach*, for plaintiffs.

*William E. Simonds*, for defendants.

SHIPMAN, D. J.   This is a bill in equity, founded upon the alleged infringement by the defendants of letters patent granted May 16, 1865, to Charles B. Bristol and others, assignees of said Bristol, for an improved snap-hook.   The patent is owned by the plaintiffs.

Bristol's invention [quoting from the testimony of Mr. Earle, the plaintiffs' expert] " is an improvement in that class of snap-hooks in which the tongue is pivoted in a recess between two cheeks in the shank.  In this recess a coil-spring is arranged around the pivot so that the two ends of the spring bear, one upon the tongue and the other upon the body of the hook, tending to press the tongue up against the end of the hook, but yet permit the tongue to be depressed to open the hook.   In this class of hooks, prior to Bristol, the tongue was cast with a recess upon its under side to form two cheeks corresponding to the cheeks in the shank of the hook.   The cheeks on the tongue were drilled corresponding to the hole through the cheeks in the shank, so that a rivet could be inserted through the sides of the shank and both sides of the tongue, to form the pivot on which the tongue would turn.   The coil of the spring was arranged around the pivot, the two ends bearing, one upon the shank and one upon the hook, as before described."

The invention of Bristol was in two parts. The first part consisted in constructing the tongue with a recess upon one side, opening outward, through which one arm of the spring must project to bear upon the hook. In this recess the coil of the spring was placed. The advantages of this method of construction were those of economy of material and ease of manufacture. Besides, dirt and foreign substances could not collect in an open recess. The second part of the invention consisted in an improved construction of the body of the hook. It is described in the second claim, but as it was not infringed it need not be carefully considered here. It is sufficient to say that it consisted in casting a stud or fulcrum pin upon one of the cheeks, but not extending to the other, the length of the stud being no greater than the space between the cheeks when they are pressed together so as to retain the tongue upon the pin.

The first claim, and the only one infringed, was for—

"The combination of the tongue, *g*, with the spiral spring, (figure 4,) when the spring works on the tension principle, and rests in a recess (as 14) in the rear end of the tongue; substantially as herein described."

This hook has had large success. Thirteen millions have been sold since 1865.

The defendants' hook has substantially the plaintiffs' recess. It differs somewhat in shape, and both ends of the spring do not project forward towards the hook, but the recess has the heretofore-described distinctive features of the first part of the invention. It is useless to say that because the defendants' do not have the precise shape of the recess, or because both ends of the spring do not point the same way, therefore the first claim is not infringed. The claim is too broad for such a narrow construction.

The more plausible line of argument is that the claim was, through ignorance of the art, or through inadvertence, made so broad that it has no novelty, and is, therefore, invalid. The defendants, therefore, desire to construe the claim to mean "any form of swinging hook so mounted as to be capable of oscillating, and having a spiral spring working on the tension principle, and resting in a recess of any form in the rear end of the tongue." Upon this construction the Judd patent of 1864, and other patents, would be anticipatory.

The claim was rather loosely drawn, and did not describe the recess as definitely as it perhaps ought to have done. But the plaintiffs have refrained from seeking a re-issue, and have preferred to trust their patent to the well-known liberal rules of construction which have been adopted by the courts of this country, and which seek to

give the owner of the patent his actual invention, if such favorable construction can fairly be made. The state of the art shows that the placing a spring to actuate the tongue in the recess, *r*, at the side of the tongue, was the distinctive feature of Bristol's invention, and was an improvement upon the Judd hook, in which "the spring was inserted in the bottom of a channel formed between the two cheeks of the shank, and enclosed between the two cheeks of the tongue." The rule of construction is clearly stated by Judge Shepley in *Estabrook* v. *Dunbar*, 10 O. G. 909. After saying that technical claims are to be construed with reference to the state of the art so as to limit the patentee to, and give him the full benefit of, the invention he has made, the learned judge says:

"The general terms and sometimes special words in the claims must receive such a construction as may enlarge or contract the scope of the claim, so as to uphold that invention, and only that invention, which the patentee has actually made and described, when such construction is not absolutely inconsistent with the language of the claim."

Under this rule, the first claim is for a tongue constructed with a recess in its side, opening outward, combined with a coil spring which rests in such recess and operates between the body of the hook and the tongue.

The defendants also insist that the claim, if so construed, is invalid, because, if the invention consisted in a combination of a tongue having a peculiar recess with a spring, the form of the recess does not affect the spring, and consequently the claim is for a mere aggregation of parts.

There must be a combination of spring and tongue, and the spring must be placed where it can actuate the tongue. The old location was in a channel formed between the two cheeks of the tongue. The location was objectionable, not because the spring did not cause the tongue to snap easily, but because another location would be more economical and would keep the hook more free from dirt. The new combination was of spring and recessed tongue, the recess being so constructed that by means of the new location of the spring a new and beneficial result was attained. It was not material whether the benefit was to the spring or not, but it is material that the benefit should be the result of the new combination. The combination in this case does not fall within the principle of *Hailes* v. *Van Wormer*, 20 Wall. 353, which condemns a combination creating no new effect as its result.

Without examining in detail all the objections which are urged in

the elaborate brief of the defendants' counsel against the charge of infringement, it is sufficient to say that infringement of the first claim is the result of the construction which has been given to that claim.

There should be the usual decree for the plaintiffs.