TOWER *v.* BEMIS & CALL HARDWARE & TOOL Co. and others.

*(Circuit Court, D. Massachusetts.* February 28, 1884.)

1. PATENTS—WHAT IS PATENTABLE—MERE AGGREGATION.
    The mere · ombination in a convenient form of several devices, having no common purpose, is not patentable.
2. SAME—IMPROVED MONKEY-WRENCH.
    Patent No. 56,166, for an improvement in monkey-wrenches, cannot be held to cover every wrench in which the cam is solidly attached to the jaw, since similar arrangements were in use before the letters issued.

In Equity.
*D. Hall Rice,* for complainant.
*John L. S. Roberts,* for defendants.
LOWELL, J. The plaintiff owns patent No. 56,166, issued to Byron Boardman, July 10, 1866; and it is admitted that the invention was made in October, 1865. The patent is for an "improved tool," or, as the specification says, "an improved combination tool;" and "the [one] object of this invention is to combine a pipe-wrench with a monkey-wrench, in such manner that two of the jaws of the latter shall serve as griping-jaws for firmly holding rods or pipes of varying diameters, which it may be desirable to turn." A second and third purpose are to combine a screw-driver with the handle of a wrench in certain convenient modes. Of the five claims, only two have been mentioned in this suit, and only one is said to be infringed; claim "1, as an improvement in monkey-wrenches, the combination of the cam, *n*, with

the movable or fixed jaw-head of a monkey-wrench, so as to form thereof a pipe-wrench, substantially as described."

One Park had obtained a patent in 1865, No. 48,027, for a tool which described and claimed "a combined hammer, claw, monkey-wrench, socket-wrench, and screw-driver." Boardman's tool is confessedly and intentionally an improvement upon Park's tool. In the latter, the jaws of a monkey-wrench were placed on one side of the common handle, and a hammer and claw on the other side. Boardman put into the claw of Park's hammer a serrated piece of steel, called "the cam, *n*," which had a rocking motion, and he made a notch in the hammer opposite the cam, and in this way the claw and hammer formed a pipe-wrench, as well as a claw and hammer. Two monkey-wrenches and two pipe-wrenches had been put upon a single handle before October, 1865, but no tool had been made with a monkey-wrench on one side and a pipe-wrench on the other of the same handle. A monkey-wrench has its jaws always parallel and preferably smooth, so as to work to the best advantage upon parallel-sided nuts. A pipe-wrench should have a notch or curve in one of its jaws, to embrace the pipe or rod; a serrated surface in the other, to take better hold; and this part should have a rocking motion, so that the grip of the wrench can be loosed by merely reversing the handle.

The plaintiff contends that Boardman's pipe-wrench, considered by itself, was the first which had the cam so placed that the strain would come upon a solid jaw. The old form of this kind of tool, of which the defendants made about one hundred dozen a year, for six or seven years before 1866, was that patented by Bartholemew & Merrick, in 1849, No. 6,002. In this tool, which was an improvement upon one patented by Merrick in 1848, the upper jaw was curved or notched, to embrace the rod or pipe, and the lower jaw was serrated and had a rocking motion by being pivoted at its lower end, immediately above the nut, which actuates the movable jaw. The cam was solid with the jaw, but the plaintiff insists that too great strain came upon the pivot. There is no evidence in the record that the Bartholemew & Merrick wrench ever broke at the pivot, and the Exhibit 1, which represents it, appears to be strong; but the wrenches in litigation here are still stronger.

Amos Call, a member of the defendant corporation, obtained a patent in 1866, No. 57,621, for an improved pipe-wrench, which, in structure, is the Bartholemew & Merrick tool, with the addition that the rocking jaw is loosely confined by two collars. The invention was made later than Boardman's. The special advantages of this tool are not explained, but it is obvious that the collars prevent the rocking-jaw from rocking too far, and if there was danger of its breaking at the pivot, it overcomes this difficulty by bringing the strain, after the rocking has gone far enough, upon the collars, and through the collars upon the handle of the tool. Since this wrench was invented

the defendants have sold it instead of the other form.    This tool is admitted not to infringe the patent in suit.    The defendants likewise make and sell a tool which unites upon a single handle the jaws of a monkey-wrench on one side, and the jaws of the Call pipe-wrench on the other.    The question is whether this tool infringes the first claim of the patent.

The primary examiner rejected Boardman's application, saying:

"The tool, as described and shown, is an aggregation of four distinct tools, answering to four different purposes, some widely dissimilar, and others analogous, but in no particular does any one of these tools add any value to either of the others, or co-operate therein to effect a common purpose, and hence no combinable relationship exists between them.    That the aggregation of these several tools in the manner shown results in a convenient article, is not questioned, and, as an article of manufacture, the tool so resulting may possess patentable novelty," etc.

The examiners in chief reversed this decision.

Since 1866 the supreme court have decided that there is no patentable combination, properly so-called, in an aggregation of devices which have no common purpose or effect, concurrent or successive. *Hailes* v. *Van Wormer*, 20 Wall. 353; *Reckendorfer* v. *Faber*, 92 U. S. 347; *Pickering* v. *McCullough*, 104 U. S. 310; *Packing Co. Cases*, 105 U. S. 566.    Applying the rule of those cases to the facts of this, they decide that a broad claim cannot be sustained for merely putting together two old tools for convenience of manipulation in their several and wholly distinct uses; but that the patent must be limited to some patentable improvement, either in the method of combining the tools, or in one or more of the tools themselves.    No invention is claimed which relates to the mode of combination; but the pipe-wrench itself is said to be an improvement on all which preceded it.

The cam, *n*, is specifically claimed in the second claim thus:

"The manner herein described of securing the pipe-wrench cam within a recess, so that this cam will be firmly sustained by the solid metal surrounding it, during the operation of turning a cylindrical object, and allowed to play loosely when released, substantially as described."

It is not contended that the second claim is infringed, and if it claims the cam, *n*, as broadly as the invention will permit, the first claim is not infringed, which is for the combination of the cam, *n*, with one of the jaw-heads of a monkey-wrench.    The defendant's cam, or rocking serrated jaw, is like the old jaw of the Bartholemew & Merrick wrench, and not at all, in appearance, at least, like a cam rocking in a recess.    It has solidity, to be sure, but this is not obtained by affixing it any more firmly to the jaw than it was in Bartholemew & Merrick's, where it was a part of the jaw itself, but in putting a collar round that jaw, which prevents its rocking so far as to bring a dangerous strain upon the pivot.

There were several kinds of cams in use in pipe-wrenches before 1866, one of which is in the wrench patented to Phillips in 1859, No. 23,857.    In this wrench the serrated cam had a sliding motion

upon the solid lower jaw of a pipe-wrench. The plaintiff's expert says that this wrench must have been of no practical value, because the sliding cam has not the rocking or toggle motion necessary to release the pipe readily from the grip of the jaws when the handle is reversed. This criticism is undoubtedly sound in assuming that a rocking motion is preferable to a sliding one. It was, however, demonstrated at the hearing that Phillips' tool will work to some considerable extent. Whether it was a commercial success, I do not know. There is no evidence about it, excepting that it was patented and was made. Considering the existence of the tools which I have mentioned, and of many others having several different sorts of cams, I am of opinion that the plaintiff cannot claim every cam which is solidly attached to the jaw, or jaw-head, and, specifically, that he cannot claim the cam which the defendant uses, which is the Bartholemew & Merrick rocking jaw, made more convenient and secure by two collars which play upon the handle. It was not a known substitute for cam, *n*, because the collars were new.

It follows that the pipe-wrench of the defendants is different from that of the plaintiff; and since the broad claim of aggregating any pipe-wrench with any monkey-wrench upon a single handle cannot be sustained, I do not see, as I have already said, that a wider meaning can be given to cam, *n*, in the first claim, than if the patent was for the pipe-wrench alone. There is therefore no infringement.

Bill dismissed, with costs.