### SELF–SEALING CAN CO. v. HOCKER.

(Circuit Court, E. D. Pennsylvania. March 30, 1905.)

#### No. 11.

1. PATENTS—INVENTION—COMBINATION OF OLD ELEMENTS.

Merely bringing together old devices in a combination in which each performs its old function, without producing any new result by reason of the combination, is not invention.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 27–29.]

2. SAME—CAN TOPS AND COVERS.

The Spencer patent, No. 412,134, for a can top and cover, is void for lack of invention, in view of the prior art.

In Equity. Suit for infringement of patent. On final hearing.

Charles C. Protherve, for complainant.

Charles A. Chase, for respondent.

HOLLAND, District Judge. The complainant, who is the assignee of a patent No. 412,134, issued to Richard McDonald Spencer on October 1, 1889, brings suit, alleging an infringement, and prays that an injunction shall issue, and that the defendant be required to account for profits and answer in damages which the complainant alleges it has sustained. The defense is: (1) That in view of the prior art the patent is void for want of patentable novelty; (2) noninfringement.

The object of the improvement was to construct can tops and can covers in such a manner that the can cover will safely retain its place in the can or can top, and also in such manner that the can cover may be conveniently and repeatedly removed, and the can opened, without injury to the can or to the can cover; and in order to accomplish this object Spencer constructed a can in which the upper head or plate of the can was soldered or fastened to the upper outer edge of the can or the can top. This part of the top of the can into which the can cover is to be inserted is a ring or flange extending downwardly from the outer upper edge of the can, to which it is fastened, and is curved or concaved, or it may be extended directly to the opening without a curvature. On the inner side there is a ring flange, which extends downward as near the plane of the upper outer side of the can as it can be made and yet retain its flexibility and lateral pressure, so that when the top is forced in it will be held there by this lateral pressure or adhesion. The can cover consists of a plate or bottom, with a ring flange, and beaded at the top. It is stamped out of a metal sheet in a single piece, and of uniform thickness throughout; but this is not essential. Its beaded top must be sufficiently strong to bear the pressure of a point of a lever, by which the cover is raised from the can by placing the point of the lever under the bead and using the upper outer angle of the can as a fulcrum. When this cover is made about the size of the opening in the top of the can, or slightly larger, and when crowded or forced into the opening, the outer surface of the ring flange of the can cover presses laterally against

the inner surface of the ring flange of the top of the can, and the latter is more or less expanded and enlarged, especially at its upper part, thus increasing the lateral adhesion, as well as the closeness of the fit, of the two parts. When the can cover is so crowded into its place, the inner part of the elastic material is deflected downward, and the tendency of the material to recoil upward and away from the body or bottom of the can, and to resume its former position, adds to the lateral pressure and adhesion in proportion to the force employed. In other words, the ring or flange in the can top extending downward is not strictly cylindrical, but tends slightly to a conical shape, and the ring or flange of the can top is of a similar shape, but slightly larger, and is forced down the same as a cork in a bottle.

There has been a great deal of evidence taken in this case for the purpose of showing a novel feature not heretofore discovered or used, and a long and elaborate argument has been submitted in support of the proposition that this invention differs in results from those heretofore used in the art. I fail to see anything new in this combination of old elements. The patentee admits in his disclaimer that prior to his invention cans had been so constructed that, when the can cover is fitted air-tight into the can's top, the cover will in most instances retain its place, and yet can be easily lifted or pried out, and that prior to his invention cans had been so constructed that the part of the can top between the upper outer edge of the can and the can cover extended downwardly to the lower part of a ring or rim into which the can cover was fitted air-tight. Following this disclaimer, the patentee makes four claims as follows:

"(1) A can top having the annular piece extending inward to the can cover receiving aperture, curved downward and then upward between its outer portion and inner edge, but having such edge lower than its outer portion, and a can cover fitting the cover receiving aperture and engaged by the inner edge of the can top, substantially as and for the purpose specified.

"(2) In combination with a can top having an annular piece extending inward and downward from the edge of the can to the cover receiving opening, so that its inner edge is below its outer portion and curved or concaved between such inner edge and the outer portion, the can cover having the upwardly extending flange or rim fitting the cover receiving opening, and held solely by the engagement of the can top with the flange and plate of the can cover, substantially as and for the purpose set forth.

"(3) In combination with a can top having an annular piece extending inward and downward from the edge of the can to the cover receiving opening, so that its inner edge is below its outer portion, and provided with a downwardly extending flange or rim at its inner edge, the can cover having the upwardly extending flange or rim fitting the cover receiving opening, and held solely by the engagement of the can top with the flange and plate of the cover.

"(4) In combination with a can top having an annular piece extending inward and downward from the edge of the can to the cover receiving aperture, and provided at its inner edge with a downwardly extending flange, and dish-shaped can cover held solely by the engagement of the can top with the flange and plate of the cover, consisting of a plate with an upwardly extending rim engaged by the inner edge of the annular piece and the downwardly extending flange thereon at a point above the body or plate part of the cover and having on its upper edge an outwardly extending bead or flange, substantially as and for the purpose specified."

An examination of the prior patents offered in evidence will show that there is nothing new in the Spencer patent.

The Gordon patent, issued March 16, 1869, shows a somewhat similar combination to that in these claims, as the diameter of the lower portion of the disc or can cover is made to correspond with that of the lower edge of the orifice or opening in the can. It may be a trifle larger than this opening, so that when it is forced down the opening will not only be closed air-tight, but there will be sufficient friction to hold the cover tight and in place. In this case, however, there is a covering or label placed over the top of the can to seal it.

The Norton can top, patented June 21, 1881, is similar in construction to that of the defendant. In this patent, however, a wooden top was used to effect the same object as is intended to be effected by the patent in suit, and this wooden top was held in place by the same forces utilized by Spencer in his patent; but it was found that the expansion of the wood was not uniform, and, therefore, the top was not reliable as a stopper or seal of the can.

The Bentley top, however, is the same kind of a mechanism as that of the plaintiff's can top, but the opening in the can is somewhat different. The flange, instead of extending downward, extends upward. If, however, the flange in the top of the Bentley can were turned down, instead of up, it would be the same as the can top and opening in the plaintiff's patent. So that we have in the Bentley can top and the Norton can opening the same combination found in the Spencer patent. Merely bringing old devices into juxtaposition, and there allowing each to work out its own effect, without the production of something novel, is not invention. Hailes v. Van Wormer, 87 U. S. 354, 22 L. Ed. 241.

The Clark patent, issued March 29, 1887, in England, was cited against this patent in the Patent Office, and letters were refused. Spencer, however, produced evidence to the effect that his patent was conceived before that date, but application was not made until the date of the issue of the patent to him above mentioned. Evidence was submitted by the plaintiff in this case on this point; but we need not consider it, because I am of the opinion that the Spencer patent does not involve any patentable novelty.

Let a decree be drawn dismissing the bill, with costs.