### Application of DAYTON et al.

(Court of Appeals of District of Columbia. Submitted January 19, 1923. Decided June 4, 1923.)

No. 1547.

1. **Patents ☞41—Claims for pump, operable either by power or manually, held not patentable.**

Claims for improvements in dispensing and measuring pumps, which broadly covered the operation of such pumps either by compressed air or manually, manual operation being intended for use only in emergencies, *held* not to disclose patentable novelty, in view of the prior art, covering pumps which could be operated either by power or manually.

2. **Patents ☞26(1)—To be a patentable combination, the parts must co-ordinate and jointly contribute to final result.**

To constitute a patentable combination, the parts forming the combination must co-ordinate and must jointly contribute to achieve the final result desired, and there is no joint action, where a pump may be operated either by hand or by power, but not by both.

Appeal from the Commissioner of Patents.

Application of Frank L. Dayton and others for issuance of a patent for improvements in dispensing and measuring pumps. From a decision of the Patent Office rejecting eight claims, the applicants appeal. Affirmed.

D. P. Wolhaupter, of Washington, D. C., for appellants.

T. A. Hostetler, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. Frank L. Dayton, Frank E. Dayton, and Curtis H. Edwards filed an application for the issuance of letters patent for new and useful improvements in dispensing and measuring pumps. The following three claims of the application, as finally amended, were allowed by the Examiner:

3. A liquid dispensing and measuring device, including an upright pump cylinder, a piston mounted therein, a dispensing pipe leading from the pump cylinder, a power cylinder arranged above the pump cylinder, in alignment therewith, a piston in the power cylinder, a gear case, standards projecting upwardly from the pump cylinder and supporting the gear case, a vertically disposed rack slidable through the gear case, piston rods rigidly connecting the respective pistons to the corresponding ends of the rack, gearing journaled in the gear case and meshing with the rack, manual means for applying power to the gearing to operate the pump manually, and valve controlled means for admitting fluid pressure to the power cylinder.

4. A liquid dispensing and measuring device, including an upright pump

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cylinder, a piston therein, a dispensing pipe leading from the pump cylinder, a hood arranged above the pump cylinder in a spaced relation thereto, a power cylinder supported by the hood and arranged in alignment with the pump cylinder, a piston in the power cylinder, means rigidly connecting the piston of the power cylinder to the piston of the pump cylinder, valve control means admitting fluid pressure to the power cylinder, means acting upon the connecting means between the pistons for manually operating the pump, and a tubular casing section slidable upon the exterior of the pump and adapted to be moved upwardly into engagement with the hood for co-operation therewith to house the connecting means between the pistons and the manual operating means. .

6. A liquid. dispensing and measuring device, including a flanged base, a lower cylinder head resting thereon, an upright pump cylinder on the lower cylinder head, a flanged upper cylinder head tie bolts connecting the flanged upper cylinder head to the flanged base, a piston within the pump cylinder, a dispensing pipe leading from the pump cylinder, a hood arranged above the pump cylinder, rods supporting the hood and engaging the flanged cylinder head and base, a power cylinder supported by the hood, a piston within the power cylinder, means rigidly connecting the two pistons and including a rack, gearing engaging the rack, manual means for driving the gearing to operate the pump, and means for admitting fluid pressure to the power cylinder to operate the pump.

The remaining eight claims of the amended application were rejected. On appeal, the action of the Examiner was affirmed by the Examiners in Chief, and their decision, upon appeal to the Commissioner of Patents, was affirmed by the First Assistant Commissioner. From the final decision of the Patent Office this appeal was prosecuted, and involves the rejected claims, of which the following .claim is admittedly typical:

11. A liquid dispensing and measuring device of the character described, including a measuring pump cylinder, a piston therein, a compressed air power cylinder, a piston therein, a rack rigidly and permanently connected to the two pistons so as to move in unison therewith, gearing meshing with the rack, an indicator actuated by the gearing, and manual means for driving the gearing to actuate the pump when the compressed air power cylinder is not available for that purpose.

The rejected claims raise the issue as to whether they set forth an improvement which possesses the patentable essentials of novelty and utility.

[1] It is contended by the appellants that prior to their alleged invention all gasoline measuring and dispensing pumps were operated by hand and that the manual operation of such pumps occasioned a delay in service and a diminished efficiency on the part of the attendant, which the improvement submitted by them to the Patent Office avoids by normally actuating the dispensing pump with compressed air or other fluid means and by actuating it by hand, only in case the compressed air or other fluid operating means fails to work.

Dispensing and measuring pumps which can be operated either by hand or by power derived from compressed air or other fluid manifestly have some, if not all, of the advantages suggested by the appellants, and their utility can hardly be denied. Their claim to novelty in the art, however, is quite another matter and must stand or fall as the references may determine. Pumping by hand as well as pumping by power are, of course, very old conceptions, and whether claim 11 states an invention depends on whether it is novel to equip a pumping

machine with both a hand and a power operative means for the alternative accomplishment of the final result.

The patent issued to Mohr in February 1910, covered a pump designed to be operated either by hand, a pump jack, or other power, and specified the mechanical agency for the disengagement of the hand-operating means when the pump was worked by power. The patent issued to Brown in April, 1912, covered a pump which was operated either by hand or by motor power, and was so devised that either means of actuating the pump might be used while the other was at rest. A means for indicating the quantity of gasoline dispensed is shown by the Deming patent, and apparently by the patent for gasoline pumps issued to Davis in 1906.

True enough, the patent to Mohr was primarily intended for use with a windmill, but the employment of two kinds of power for alternate use was just as much a feature of Mohr's patent as it is of the applicants' rejected claims. More than that, Mohr's pump was just as much a permanently assembled unit permitting either manual or power operation as is that of the appellant. The fact that a releasable coupling is utilized by Mohr in order to connect the power means with the pumping instrumentalities, and that no such coupling or like device is contemplated by appellant's claim, does not alter the fact that Mohr's patent and the applicant's claim provide for manual and power operation which may be alternatively used. What one accomplished by the release coupling the other apparently obtains by shutting off the compressed air or other fluid actuating means.

[2] To constitute a patentable combination the parts constituting the combination must co-ordinate and must jointly contribute to achieve the final result desired. If one part of the combination operates while the other is idle, it is needless to say that there is no joint action, and that a pump which may be operated either by hand or by power, but not by both, is not a patentable combination.

"Merely bringing old devices into juxtaposition, and there allowing each to work out its own effect without the production of something novel, is not invention." Hailes v. Van Wormer, 20 Wall. 353, 368 (22 L. Ed. 241).

The decision of the Commissioner is affirmed.

Petition for rehearing overruled June 19, 1923.