### TEIGEN et al. v. UNITED CIGAR STORES CO. OF AMERICA, OF NEW JERSEY.*
### No. 1263.

District Court, D. Minnesota, Third Division. Dec. 23, 1930.

Oscar Hallam, of St. Paul, Minn., for plaintiffs.

Fritz von Briesen, of New York City, and F. C. Caswell, of Minneapolis, Minn., for defendant.

SANBORN, District Judge.

This case was tried before Honorable William A. Cant on December 17, 1929.

Owing to the indisposition of Judge Cant, counsel have very considerately agreed that the case might be decided by me upon the transcript of the testimony, the exhibits, the written briefs on file, and a reargument.

It is a suit for infringement of letters patent No. 1,554,898, granted to Austin F. Teigen September 22, 1925, on an application filed August 22, 1923, for an improvement in tobacco pipes.

The only claim of the patent involved is claim 1, which reads as follows: "A smoke clarifying unit having an outer tubular member adapted to be interposed between the bowl and mouthpiece of a tobacco pipe, a separate core member removably held within said tubular member and having the end thereof adjacent said bowl disposed entirely within said tubular member, means for spacing said core member from said tubular member in a manner to form a thin annular passageway about said core member and said core member having passageways connecting said annular passageway with the bowl and mouthpiece of the pipe."

It is claimed by the plaintiffs that the essential elements of the Teigen device are a pipe having an outer tubular member, a separate core member, and means for spacing the core member from the tubular member; that these elements co-operate together to cool the smoke coming from the bowl of the pipe, and permit the ready cleansing of the pipe stem by withdrawing the core member from the tubular member.

The accused device consists of a tobacco pipe which has an outer tubular member, a core member which is adapted to be withdrawn from the tubular member, the core member disposed entirely within the tubular member, the means for spacing the core member from the tubular member to form an annular passageway about the core member, and passageways connecting the annular passageway with the bowl and the mouthpiece of the pipe. The end of the core member of the Teigen pipe is a circular disc of substantially the same diameter as the interior of the tubular member of the pipe, while the end of the core member of the accused device is spherical, and there seems to be nothing to indicate that this end is intended to fit closely within the tubular member or to be used in cleaning the pipe stem. It is claimed, however, by the plaintiffs that it can be made to perform the same purpose in cleaning the pipe as the end of the core member of the Teigen patent. The plaintiffs contend that the two devices are in all substantial respects the equivalents of each other.

The defendant asserts that the Teigen patent calls for a smoke-clarifying unit separated from the bowl and the mouthpiece, and that if the claim here involved be construed as covering a two-piece pipe, then it is void for lack of invention.

While the case has been elaborately briefed, I think that it would serve no useful purpose to discuss in detail the state of the prior art or the patents which are claimed to have anticipated the Teigen patent.

There can be no doubt that Mr. Teigen's invention came into a very crowded and an-

*Decree affirmed 62 F.(2d) 5.

cient art. There was nothing new in a tubular member for a tobacco pipe, which is commonly called the "stem." There was nothing new in a separate core member removably held within the stem of a pipe, with means for spacing the core member from the walls of the tubular member so as to form an annular passageway about the core member; the core member having passageways connecting the annular passageway with the bowl and mouthpiece. This is illustrated by the following patents:

British patent to Young, 1912;

British patent to Addison, 1907;

British patent to Kevis, 1889;

British patent to Sasieni, 1920;

British patent to Smart, 1879;

British patent to Dingle and Urquhart, 1908.

To my mind, the accused pipe of the defendant is almost an exact replica of the Sasieni-pipe. The only distinction is that the inside diameter of the stem of the Sasieni pipe is not the same throughout its length, and is narrower at the point where the end of the Sasieni core member is held when the mouthpiece is in place. However, it would certainly not constitute invention to enlarge that part of the interior of the stem of Sasieni and to enlarge the end of the core member. If this action were brought upon the Sasieni patent, assuming that patent to be valid, there would be, in my mind, no doubt that the pipe of the defendant was an infringement of that patent. That being true, the defendant's pipe could not be an infringement of the patent in suit.

It is suggested, however, that the cleaning feature shown by Teigen is not shown by Sasieni. It is, however, shown by Kevis. To make the interior of the stem of the Sasieni pipe of uniform diameter, to replace the end of the core of Sasieni with the spherical disc shown by Kevis, would not, in my opinion, constitute invention, but would be something well within the skill of the ordinary mechanic who had before him the prior art, and would be an aggregation of old elements, rather than a combination. "Merely bringing old devices into juxtaposition, and there allowing each to work out its own effect without the production of something novel, is not invention." Hailes v. Van Wormer, 87 U. S. (20 Wall.) 353, 368, 22 L. Ed. 241. Furthermore, I think that it cannot be properly contended that the spherical end of the core member of the accused pipe is adapted to the purpose of cleaning the tubular member or stem. The pipe is merely the Sasieni pipe with the interior diameter of the stem the same throughout. Some of the pipes of the defendant introduced as exhibits by the plaintiffs would indicate that the end of the core member of the defendant's pipe fitted very tightly within the tubular member, but, upon examination, it appears that in sawing the bowl and stem of the pipes longitudinally, the diameter of the tubular member was much reduced in size.

My conclusion is that if claim 1 of the Teigen patent be construed in the manner contended for by the plaintiffs, it is void for lack of invention. It is not necessary to construe it in that way, and, while I consider that, in view of the prior art, it is very doubtful whether the claim has any validity, it is not necessary to hold it invalid in this suit, since the device of the defendant does not constitute an infringement of it.

I find that the plaintiffs are the owners of the patent referred to; that it is a valid patent, but is limited by the prior art; that, as limited by the prior art, claim 1 is not infringed by the pipes manufactured and sold by the defendant, complained of in this suit.

As a conclusion of law, I find that the defendant is entitled to a decree dismissing the complaint herein for want of equity. A decree may be presented upon reasonable notice.