## STEINER FIRE-EXTINGUISHER Co. v. HOLLOWAY.

*(Circuit Court, D. Maryland. June 27, 1890.)*

PATENTS FOR INVENTIONS—NOVELTY—CHEMICAL FIRE-EXTINGUISHERS.

    The fourth claim of patent No. 172,442, February 10, 1874, to John H. Steiner, for improvement in chemical fire-extinguishers, *held* valid, the defendant having admitted the infringement, and all the testimony adduced tending to support the novelty and patentability of the combination.

In Equity.

*J. J. Alexander* and *John P. Adams*, for complainants.

*R. W. Applegarth*, for defendant.

MORRIS, J. This is a bill in equity for an injunction and an account, alleging infringement by the defendant of letters patent No. 172,442, dated February 10, 1874, on application filed January 5, 1874, granted to John H. Steiner for improvement in chemical fire-extinguishers. The infringement charged relates solely to the fourth claim of the patent, which is for the following combination:

"(4) A chemical fire-engine, consisting of a wheeled frame provided with a generator or extinguisher, and with a hollow-journaled reel, N, the latter having its journal connected permanently to the generator by a pipe, M, and provided with a hose, O, coupled to it as shown and described."

The patentee disclaims any novelty in the hollow-journaled reel itself, and in his specifications states:

"I am aware that a hollow-journaled reel, such as used by me in this engine, is not new, and therefore I lay no claim thereto except in connection with the generator and connecting pipe as shown."

Although by the defendant's answer almost every possible defense is pleaded, no proof was introduced to support any one of them except that of prior invention, and in support of that only four prior patents were filed, and no other proof of prior publication or known use was produced. The defendant, who has been a leading manufacturer of chemical fire-extinguishers since 1872, in his own testimony admitted the infringement, and substantially admitted the novelty and patentability of Steiner's fourth claim. It is proven that the defendant has desired to obtain a license from the complainant, and the admissions in his testimony and the weakness of his defense cast some doubt upon the seriousness of this contest.

Some difficulties with regard to the Steiner fourth claim suggest themselves upon an inspection of the claim. They arise from apparent want

of novelty and patentability.   It was not new to use ordinary hose wound on an ordinary reel, mounted upon the same wheeled carriage with the generators of a chemical fire-extinguisher.   This is shown in patent No. 131,414, to Stillson & Kley, September 17, 1872.   It is admitted that the hollow-journaled reel of itself was not new; and upon first impression it would seem that there was no invention in substituting the hollow-journaled reel for the ordinary reel.   There is no doubt, however, that the proof shows that this substitution is a very great improvement in the usefulness and efficiency of the machine for the purpose for which it is designed.   The hollow journal of the reel is permanently connected with the generator, or with the receiver of the generator, by a metal pipe controlled by a stop-cock, so as to be always ready for instant use, and so that any required length of hose can be uncoiled and used without severing the permanent connection between it and the generator, and without doubt this is a great advantage in a machine which depends for its usefulness upon the quickness with which it can be put to work.

Another difficulty which suggests itself upon first impression is whether, after the reel and the generator are permanently connected, they do not each operate just as before, remaining simply an aggregation of separate elements, without any new result produced by their union.   But, contrary to this first impression, all the proof which has been produced, including the testimony of the defendant himself, tends to show that not only is the efficiency of the machine as to its readiness for instant use greatly improved by having the connection between the hose and the generator permanent, and the hose so attached that it can be used without uncoiling more than is actually required, but that the hollow journal itself acts as a revolving receiver for the gas and water, and effects a more permanent commingling of them, and also more perfectly neutralizes any free acid which may be forced from the generator, and that it eliminates the risk of the escape of the gas without the water.   Thus it is claimed that the hollow journal performs a new function, and avoids a difficulty encountered in other contrivances in which there was a liability of alternate discharges of gas and water, the two not being properly commingled, and also avoiding the risk of a discharge of free acid which had not been entirely neutralized by thorough mixing.   This, if true, is a new and beneficial result, due to the patented combination, quite apart from the mere mechanical convenience of having the hose and the generator permanently attached one to the other, and it relieves the claim from the objection which was fatal in *Hailes* v. *Van Wormer*, 20 Wall. 353, and *Thatcher Heating Co.* v. *Burtis*, 121 U. S. 286, 7 Sup. Ct. Rep. 1034.

As showing the utility of the Steiner combination, it is testified that since it has come into use it has become an essential part of all chemical fire-extinguishers of the class on which the defendant uses it, and that there is no market for those which do not have it; and as evidence that it did require invention to contrive it, there is proof that, although the difficulties which it is said to meet were well known to many manufacturers, who were all trying to improve their machines, no one discovered its advantages until Steiner introduced it, since which it has been ac-

knowledged to be an essential feature of a good wheeled chemical fire-extinguisher. With all the testimony in the case tending in one way, and with the legal presumption in favor of the validity of the patent to support it, it must be held, for the purposes of this case at least, that the Steiner fourth claim is valid, unless the four patents put in evidence as anticipations defeat it. These four patents are: (1) No. 131,414, September 17, 1872, to Stillson & Kley. This patent shows only the ordinary solid spindle hose-reel, and not the hollow-journaled reel, which is the only element in controversy in the present case. (2) No. 142,488, September 2, 1873, to O. R. Mason, for improvement in devices for thawing ice from water or gas pipes. This shows the hollow-journaled reel, in connection with a force-pump, but suggests nothing which the hollow-journaled reel alone would not as well suggest. (3) No. 142,637, September 9, 1873, to Finley Latta, for improvement in chemical fire-extinguishers. It shows a rotary generator, around which the hose is wound, so that the generator itself serves as a hollow journal. The defects of this apparatus are quite obvious, and the testimony shows that it was practically useless, and never could work, and it does not seem to me to be a step in the direction of what was accomplished by Steiner. (4) No. 146,386, January 13, 1874, to John Dillon, for an improvement in fire-extinguishers. This shows a hollow-journaled reel for a hose-pipe, to be connected with the ordinary water supply, and to be affixed to the wall of a building. It does not seem to me to suggest anything in the direction of the complainant's device which the hollow-journaled reel would not itself suggest. I do not find any one of these four patents to be an anticipation. I will sign a decree in usual form in favor of the complainant.