PENNSYLVANIA GLOBE GASLIGHT CO. v. BEST et al.

(Circuit Court, N. D. New York. May 18, 1905.)

PATENTS—VALIDITY AND INFRINGEMENT—INCANDESCENT LAMPS.

    The Campbell patent, No. 447,757, for a method of using hydrocarbon fluids for illuminating purposes, and a portable lamp for practicing such method, was not anticipated; and, while the lamp uses old elements, the combination is new, and produces a new and useful result, and discloses invention. The patent also *held* infringed.

In Equity.

    Suit for injunction and accounting because of alleged infringement of United States letters patent No. 447,757, granted on the 10th day of March, 1891, to Harry C. Campbell. The complainant's title is admitted. It is conceded that the alleged infringing lamp was and is being manufactured and sold by defendants, and also sold by its agent, Mack, one of the defendants,

at Rome, N. Y. The defendants insist that the complainant's patent is void for not disclosing patentable subject-matter, and also as being for a mere aggregation; also that such patent was fully anticipated in the prior art, as shown by a number of patents in evidence; and that defendants do not infringe.

F. G. Fincke (John R. Bennett, of counsel), for complainant.
Risley & Love (F. W. Bond, of counsel), for defendants.

RAY, District Judge. The patent in suit is for alleged "new and useful improvement in incandescent burners, and methods of using the same." The patentee says:

"I have discovered that by injecting hydrocarbon fluid in a heated and vaporous condition, and under considerable pressure, through a Bunsen burner, where it is mixed with a sufficient quantity of atmospheric air, into, through, or against a refractory body, which will become incandescent by the heat of the ignited hydrocarbon vapor, a very intense light is produced, very far exceeding in candle power any light which has been heretofore obtained by the burning of coal-gas under ordinary pressure through the intervention of a Bunsen burner, and in contact with such refractory body."

This seems to be a full and fair statement of the discovery. Then follows a detailed description of the methods used, and of the devices by which the method is carried into effect. The claims are as follows:

"(1) The method of employing hydrocarbon fluids for illuminating purposes herein described; that is to say, vaporizing the hydrocarbon liquid by heat, and causing the heated vapor to pass in a fine stream, under considerable pressure, through an air-mixing chamber, and igniting the heated mixture of hydrocarbon fluid and air in presence of a refractory substance capable of incandescence, substantially as described.

"(2) The combination, in one device, as a portable incandescent lamp, of a Bunsen burner, an incandescent filamentary substance, and a self-generating and heating-gas attachment, substantially as described."

In this method the hydrocarbon liquid, such as gasoline or naphtha, is vaporized by heat. This heated vapor, under considerable pressure, is forced in a fine stream through an air-mixing chamber. Then this heated mixture of hydrocarbon fluid and air is ignited in the immediate presence of some refractory substance—Welsbach mantle—capable of incandescence. The device is the combination, to form a portable incandescent lamp, of a Bunsen burner, an incandescent filamentary substance, and a self-generating and heating gas attachment. We are to have a portable incandescent lamp with three elements, viz.: Bunsen burner, which includes the air-mixing chamber; incandescent filamentary substance, such as a Welsbach mantle; and a self-generating and heating gas attachment. By reference to the evidence of defendants' expert on cross-examination, it is seen that he admits that defendants' lamp employs the method of the first claim, and that all the elements of the second claim of complainant's patent are found and used in the same. If complainant's patent is valid, it is infringed by defendants.

In considering the prior art, it has been considered as established that the date of Campbell's invention was March, 1886, as the evidence on that point is quite conclusive and satisfactory, and in fact not contradicted. The great value, merit, and utility of the inven-

tion (if such it is) is demonstrated by its commercial success and widespread and general use. The court has gone through and examined the long list of patents in evidence, and finds and holds that the Campbell patent (complainant's) was not anticipated in and by the prior art. Attention is urged to the fact that to constitute invention—

"There must be something more than a change of form, or of the juxtaposition of parts, or of the external relation of things, or of the order or arrangement in which things are used. The change or the new combination or relations must introduce or embody some new mode of operation, or accomplish some effect not before produced. This is what is called, in the judicial sense, 'introducing a new principle.'"

This is elementary patent law, and well settled by many decisions. But as said by the Supreme Court of the United States in Pickering v. McCullough, 104 U. S. 317, 26 L. Ed. 749, and Hailes v. Van Wormer, 20 Wall. 353–368, 22 L. Ed. 241:

"It must be conceded that a new combination, if it produces new and useful results, is patentable, though all the constituents of the combination were well known and in common use before the combination was made. But the results must be a product of the combination, and not a mere aggregate of several results, each the complete product of one of the combined elements."

Again, in Heald v. Rice, 104 U. S. 755, 26 L. Ed. 910, the court said:

"What invention could he claim? He uses Morey's device precisely as Morey's patent contemplated, and the Cornish boiler exactly as it was designed it should be used. And in the combination each operates separately, producing its own results. There was no inventive resource drawn upon to bring them together."

But is that this case? The combination of the elements of the Campbell patent had not before been made. When the combination was made the result was not that of the action of any one of the elements alone, or that of the action of any one or more of the elements in combination with other elements, but a result not produced or producible by any one of these elements, however operated, or, so far as known, by any combination of all the elements. The light produced is not a new or a novel light, or one not producible in other modes by other instrumentalities; but such a light from such materials in a portable lamp had not been produced, and, so far as known, could not be produced. In the judgment of this court, the combination and its results disclose invention. In Hailes v. Van Wormer, supra, the good features of several stoves were gathered in one. But by being so brought together they did not perform any joint function, but each did what it had formerly done. This was held a mere aggregation. In Pickering v. McCullough, supra, Mr. Justice Matthews said:

"In a patentable combination of old elements * * * it must form either a new machine of a distinct character and function, or produce a result due to the joint and co-operating action of all the elements, and which is not the mere adding together of separate contributions."

This combination of the Campbell patent produces a result which is due to the joint and co-operating action of all the elements—a

useful result no one of them had produced before or can produce. Each element of the combination does qualify every other in the sense of the opinion of the court in that case. It is not necessary and was not intended by the court that the mode of operation of each element of the combination be changed in bringing them together. But they must so coact as to produce a useful result no one of them has produced before, and, of course, this action and result must be such as to disclose invention, not a result that would have occurred to any person skilled in the art to which the alleged invention relates. It is perfectly clear that the combination made by Campbell is not of this class. It is simple now that the combination has been made, and the result demonstrated. Before that the subject was shrouded in darkness. The way out was unknown, but Campbell, after long investigation and much thought, uncovered it.

Mr. Bates, expert for the defendants, said, in words or in substance, that the "Campbell patent is simply the device of the Ballard patent, with the tip, N, removed, and the gallery, with its chimney and Welsbach mantle, substituted." It was demonstrated in open court on the argument that this is not the fact. The witness Dr. Chandler says:

"In my opinion, the Keystone burner [and this is the Ballard burner] has been so changed and modified by Campbell's work that it has entirely lost its identity, and an entirely new device has been created, designed for a totally different purpose, radically different in its operation, and accomplishing an entirely different result."

The patent is valid and infringed. Complainant is entitled to an injunction and an accounting.