PENNSYLVANIA GLOBE GASLIGHT CO. v. CLEVELAND VAPOR LIGHT
CO.

(Circuit Court, D. Rhode Island. September 14, 1905.)

No. 2,677.

PATENTS—ANTICIPATION—INCANDESCENT LAMPS.

A preliminary injunction against infringement of the Campbell patent, No. 447, 757, for an incandescent burner and method of using the same, denied on evidence not before the court in a prior suit and raising new questions under the defense of invalidity.

In Equity. On petition for preliminary injunction.

Edwards & Angell (Thomas W. Bakewell and Hillary C. Messemer, of counsel), for complainant.
Reading, Kiddle & Greeley, for defendant.

BROWN, District Judge. The patent in suit, No. 447,757, granted March 10, 1891, to Harry C. Campbell, for an improvement in incandescent burners and method of using the same, was held valid by the Circuit Court for the Northern District of New York, May 18, 1905 (137 Fed. 940), in a suit by this complainant against Clement V. Best and others. The defendant, who does not now deny infringement if the patent is valid, contends that this decision is not controlling upon the question of the validity of the patent, for the reason that new matter of defense is here set up, showing a prior art substantially different from that shown in the former litigation, and raising such serious doubts of the validity of the patent as to render improper a preliminary injunction.

The patentee thus describes his invention:

"I have discovered that by injecting hydrocarbon fluid in a heated and vaporous condition and under considerable pressure through a Bunsen burner, where it is mixed with a sufficient quantity of atmospheric air, into, through, or against a refractory body, which will become incandescent by the heat of the ignited hydrocarbon vapor, a very intense light is produced, very far exceeding in candle power any light which has been heretofore obtained by the burning of coal gas under ordinary pressure through the intervention of a Bunsen burner and in contact with such refractory body."

The drawing of the patent shows a Welsbach mantle, to which is attached a Bunsen burner supplied with hydrocarbon vapor from a gas generating device, or vaporizer. Instead of heating the Welsbach mantle to incandescence by a Bunsen burner, using illuminating gas, Campbell heats a Welsbach mantle to incandescence by a Bunsen burner, using gasoline vapor. Though the patentee seems to have claimed the discovery of means for making a light very far exceeding in candle power any light previously obtained by burning coal gas in a Bunsen burner in contact with a refractory body, the opinion in the former case states that Campbell's light is not a new or novel light; and my attention has been called to no evidence sufficient to support the patent, as being for the discovery that the Wels-

bach mantle could be made to give much greater light when the Bunsen burner was supplied with gasoline vapor than when it was supplied with ordinary illuminating gas. It was not contended before me that the question of validity involved any consideration of difference in the amount of light given forth by a Welsbach mantle made incandescent in the ordinary way and by the same mantle made incandescent according to Campbell's method.

In the former litigation, it was contended that none of the devices of the prior art with a self-heating and generating gas attachment was capable of heating a Welsbach mantle to incandescence; that Campbell was the first to devise a Bunsen burner, using gasoline as a fuel, and capable of producing the exceedingly high degree of heat necessary to raise a Welsbach mantle to incandescence; and that the only element of Campbell's invention that was old was the mantle. Such a contention hardly could be made successfully in the face of the exhibit presented at the hearing of this motion.

The defendant produced what is known as a "plumber's torch," or "paint burner," and with the flame of a Bunsen burner, using gasoline, heated the Welsbach mantle to incandescence. The defendant has also produced a number of patents for lamps burning gasoline vapor in a Bunsen burner. The experts for complainant criticise these as not suitable for producing a luminous flame, they being for heating purposes only; but as, in the prior litigation, the anticipating lamps were criticised as being suitable for the production of luminous flame and unsuitable for heating purposes, it would seem, upon the present hearing, that lamps for heating purposes were proper subject-matter of defense for the purpose of showing that Campbell was not the first to invent a burner using gasoline vapor and capable of heating a Welsbach mantle to incandescence.

The defendant now contends that, having demonstrated that the burner was old and that the Welsbach mantle was old, it did not involve invention to bring them together. I am unable to find that such a contention as this was fairly before the Circuit Court in the prior litigation, since in that case there seems to have been a denial of the ability of the lamps produced or referred to by the defendants to heat the mantle to incandescence, and a finding to that effect as to one of these lamps appears in the opinion of the court.

A further question is before this court which was not raised in the former litigation. The defendant has introduced in evidence the British provisional specification of Thomas Cooper, No. 420, A. D. 1883. Whatever may be said as to the indefiniteness or insufficiency of Cooper's description of apparatus, this specification seems to me to be a strong anticipatory reference as to claim 1 of Campbell's patent for a method. The claim is as follows:

"(1) The method of employing hydrocarbon fluids for illuminating purposes herein described; that is to say, vaporizing the hydrocarbon liquid by heat, and causing the heated vapor to pass in a fine stream under considerable pressure through an air-mixing chamber, and igniting the heated mixture of hydrocarbon fluid and air in presence of a refractory substance capable of incandescence, substantially as described."

Cooper's invention relates to apparatus for producing light and heat by the combustion of gaseous fluids, such as air impregnated with carbon, either in the presence of refractory material which is raised to incandescence, or without the same. Cooper describes the vaporizing of the hydrocarbon liquid by heat, causing the heated vapor to pass in a fine stream under considerable pressure through an air-mixing chamber, and igniting the heated mixture of hydrocarbon fluid and air in the presence of a refractory substance capable of incandescence. While the refractory substance of Cooper is described as a cap of platinum or iridium wire gauze, and while it is possible that the device described would not produce a satisfactory degree of incandescence, yet he contemplates combustion "in the presence of refractory material which is raised to incandescence," just as Campbell contemplates "igniting the heated mixture of hydrocarbon fluid and air in presence of a refractory substance capable of incandescence." While certain parts of Cooper's specification are construed by experts as showing combustion outside the cap of platinum or iridium wire gauze, yet in another part he seems to have contemplated that the gases should enter into combustion within the refractory cone or cap; but, whatever may be the deficiency as to apparatus, this specification, if it discloses the method of claim 1, has a most important bearing upon the question of invention as to claim 2, for, assuming that the method of claim 1 was old, we have not merely the inquiry whether it constituted invention to substitute gasoline vapor for illuminating gas in the Bunsen burner, or to heat a Welsbach mantle by a Bunsen burner using gasoline vapor, when it was old to heat a Welsbach mantle by a Bunsen burner using illuminating gas, but we have also the further question whether it constituted invention to do so when the method of the patent in suit was old.

The defendant produced an exhibit purporting to be made according to the Cooper specification. This exhibit contained a Bunsen burner supplied with hydrocarbon vapor from a generating lamp, and showed at least a lamp which was capable of raising a Welsbach mantle to incandescence. There is force in the criticism of this exhibit by complainant's experts, since it does not appear from the Cooper specification that he intended to use upon his Bunsen burner a dome of wire gauze similar to that used in the Welsbach device and in the Campbell device. The complainant contends that a gauze cap is a common feature of the Bunsen burner. For the purposes of this hearing, however, it is not necessary to determine whether the Cooper specification sufficiently describes a commercial structure, or whether the Cooper exhibit properly follows the Cooper specification. It seems to me that, in view of the new evidence presented in this case, which was not before the court in the former litigation, I have before me substantially a new case in which the complainant must take a narrower ground than was taken at the former trial.

The complainant's device is doubtless a useful and practical device. Its utility is said by the defendant to result from the invention of Welsbach, and not from an invention of Campbell. It does not

appear that Campbell had made an invention, or had an inventive conception materially different from that shown in the Cooper specification, until he had procured a portion of a Welsbach mantle. The complainant contends that the Campbell device is the result of a combination of the inventive ideas of Welsbach and of Campbell. But, if it be true that Campbell was not first to conceive the method of claim 1, nor first to describe apparatus embodying that conception, nor first to construct or describe a self-heating and generating gas lamp for the purpose of raising refractory material to incandescence, but merely first to use a Welsbach mantle, instead of an inferior refractory material, the question of invention seems doubtful, even if Campbell, by the use of a gauze dome upon his burner similar to that shown in the Welsbach arrangement, secured a more efficient application of heat to the refractory material than did Cooper.

The patents presented at this hearing, which apparently were not before the court in the former litigation, are No. 194,921, to B. G. Lofstedt, September 4, 1877; No. 251,075, to C. S. Tallmadge, December 20, 1881; No. 257,380, to T. Poyser, May 2, 1882; No. 283,-977, to J. E. Donovan, August 28, 1883; No. 324,163, to T. Poyser August 11, 1885; British patent No. 420 of 1883, provisional specification of Thomas Cooper; also an article in the Scientific American of June 24, 1882, page 398, describing Regnard's incandescent lamp.

In determining the question of the granting of a preliminary injunction, I feel that the decision of the Circuit Court in the former case is not available to me upon the questions raised by the present defendant, and that these questions are not such as should be solved upon the affidavits presented upon the hearing of the petition for a preliminary injunction, but should be reserved for the final hearing.

Petition denied.